# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## OFFICE OF THE CLERK

Spottswood W. Robinson III and Robert R. Merhige, JR. Federal Courthouse
701 East Broad Street, Suite 3000
Richmond, Virginia 23219

**FERNANDO GALINDO**
**CLERK**

| | Telephone: | Area Code 804 |
|---|---|---|
| Administrative | | 916-2200 |
| Jury-Financial | | 916-2212 |
| Criminal | | 916-2230 |
| Civil | | 916-2220 |

February 14, 2011

Monroe R. Parker, Jr.
1207 Palmyra Avenue, 1A
Richmond, Virginia 23227

Richard K. Bennett, Esquire
Harman, Claytor, Corrigan & Wellman
P. O. Box 70280
Richmond, Virginia 23255

IN RE: Monroe R. Parker, Jr. V. Baptist Theological Seminary at Richmond, et al
3:11CV097

TO COUNSEL OF RECORD:

Certification to the appellate court was received by this office on February 14, 2011 pursuant to Bankruptcy Rule 8006. This Court is not in receipt of the record in the above-styled case. Please refer to Rule 8009, Rules of Bankruptcy Procedure (copy attached) for the briefing schedule.

Very truly,

Deputy Clerk

Enclosure

cc: Clerk, U.S. Bankruptcy

---

*Divisional Offices:*  •  *Alexandria*  •  *Newport News*  •  *Norfolk*  •
*Richmond*  •

By leave, how taken, see Fed.Rules Bankr.Proc. Rule 8001, 11 USCA.

Effect of clerk's retention and indexing of judgment on appealability and proceedings on appeal, see Fed.Rules Bankr.Proc. Rule 9021, 11 USCA.

## Rule 8004. Service of the Notice of Appeal

The clerk shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant or, if a party is not represented by counsel, to the party's last known address. Failure to serve notice shall not affect the validity of the appeal. The clerk shall note on each copy served the date of the filing of the notice of appeal and shall note in the docket the names of the parties to whom copies are mailed and the date of the mailing. The clerk shall forthwith transmit to the United States trustee a copy of the notice of appeal, but failure to transmit such notice shall not affect the validity of the appeal.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

### ADVISORY COMMITTEE NOTES

This rule is an adaptation of Rule 3(d) F.R.App.P.

#### 1991 Amendment

This rule is amended to keep the United States trustee informed of the progress of the case.

### CROSS REFERENCES

Appeals as of right, how taken, see Federal Rules of Appellate Procedure Rule 3, 28 USCA.

Filing by appellant of sufficient number of copies of notice of appeal, see Fed.Rules Bankr.Proc. Rule 8001, 11 USCA.

Notice of appeal under 28 U.S.C. § 158(a) or (b) from a judgment, order, or decree of a Bankruptcy Judge, see Official Bankr. Form 17, 11 USCA.

## Rule 8005. Stay Pending Appeal

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

The first, third, and fourth sentences of this rule are adaptations of Rule 8(a) and (b) F.R.App.P. The second sentence of the rule is derived from § 39(c) of the Bankruptcy Act [former § 67(c) of this title] and confers on the bankruptcy judge discretion respecting the stay or continuation of other proceedings in the case while an appeal is pending.

The last sentence of the rule, which specifically subjects a trustee to the same kind of security requirements as other litigants, is derived from former Bankruptcy Rule 805. The exemption of the United States from the bond or security requirements is the same as the exemption contained in Rule 62(e) F.R.Civ.P.

Sections 363(m) and 364(e) of the Code provide that unless an order approving a sale of property, or authorizing the obtaining of credit or the incurring of debt is stayed pending appeal, the sale of property to a good faith purchaser or a good faith extension of credit, with or without any priority or lien, shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or creditor knows of the pendency of the appeal.

### CROSS REFERENCES

Effect of clerk's retention and indexing of judgment on appealability and proceedings on appeal, see Fed.Rules Bankr.Proc. Rule 9021, 11 USCA.

Security; proceedings against sureties, see Fed.Rules Bankr.Proc. Rule 9025, 11 USCA.

Stay of proceedings to enforce judgment, see Fed.Rules Bankr.Proc. Rule 7062, 11 USCA.

## Rule 8006. Record and Issues on Appeal

Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross

appellee may, within 14 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 29, 1994, eff. Aug. 1, 1994; Mar. 26, 2009, eff. Dec. 1, 2009.)

### ADVISORY COMMITTEE NOTES

This rule is an adaptation of Rule 10(b) F.R.App.P. The last sentence of the rule is derived from Rule 11(a) F.R.App.P.

#### 1991 Amendment

The seven-day time periods are changed to 10 days to conform to Rule 75(b)(2) F.R.Civ.P. and Rule 10(b)(3) F.R.App.P. The amendment requiring a party to provide a copy of the items designated for the record is to facilitate the amendments to Rule 8007 providing for retention by the bankruptcy clerk of the original record.

#### 1994 Amendments

The amendment to the first sentence of this rule is made together with the amendment to Rule 8002(b), which provides, in essence, that certain specified postjudgment motions suspend a filed notice of appeal until the disposition of the last of such motions. The purpose of this amendment is to suspend the 10-day period for filing and serving a designation of the record and statement of the issues if a timely postjudgment motion is made and a notice of appeal is suspended under Rule 8002(b). The 10-day period set forth in the first sentence of this rule begins to run when the order disposing of the last of such postjudgment motions outstanding is entered. The other amendments to this rule are stylistic.

#### 2009 Amendments

The rule is amended to implement changes in connection with the amendment to Rule 9006(a) and the manner by which time is computed under the rules. The deadlines in the rule are amended to substitute a deadline that is a multiple of seven days. Throughout the rules, deadlines are amended in the following manner:

- 5-day periods become 7-day periods
- 10-day periods become 14-day periods
- 15-day periods become 14-day periods
- 20-day periods become 21-day periods
- 25-day periods become 28-day periods

### CROSS REFERENCES

Effect of clerk's retention and indexing of judgment on appealability and proceedings on appeal, see Fed.Rules Bankr.Proc. Rule 9021, 11 USCA.

Record on appeal for all purposes, see Fed.Rules Bankr. Proc. Rule 8007, 11 USCA.

Record on appeal, see Federal Rules of Appellate Procedure Rule 10, 28 USCA.

Transmission of record on appeal, see Federal Rules of Appellate Procedure Rule 11, 28 USCA.

## Rule 8007. Completion and Transmission of the Record; Docketing of the Appeal

(a) Duty of reporter to prepare and file transcript

On receipt of a request for a transcript, the reporter shall acknowledge on the request the date it was received and the date on which the reporter expects to have the transcript completed and shall transmit the request, so endorsed, to the clerk or the clerk of the bankruptcy appellate panel. On completion of the transcript the reporter shall file it with the clerk and, if appropriate, notify the clerk of the bankruptcy appellate panel. If the transcript cannot be completed within 30 days of receipt of the request the reporter shall seek an extension of time from the clerk or the clerk of the bankruptcy appellate panel and the action of the clerk shall be entered in the docket and the parties notified. If the reporter does not file the transcript within the time allowed, the clerk or the clerk of the bankruptcy appellate panel shall notify the bankruptcy judge.

(b) Duty of clerk to transmit copy of record; docketing of appeal

When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed. If the bankruptcy appellate panel directs that additional copies of the record be furnished, the clerk of the bankruptcy appellate panel shall notify the appellant and, if the appellant fails to provide the copies, the clerk shall prepare the copies at the expense of the appellant.

(c) Record for preliminary hearing

### CROSS REFERENCES

Appeal—

After dismissal of direct appeal by court of appeals, when taken, see Fed.Rules Bankr.Proc. Rule 8001, 11 USCA.

By leave, how taken, see Fed.Rules Bankr.Proc. Rule 8001, 11 USCA.

Filing and service of papers, see Federal Rules of Appellate Procedure Rule 25, 28 USCA.

Manner and proof of service of emergency motions, see Fed.Rules Bankr.Proc. Rule 8011, 11 USCA.

## Rule 8009. Briefs and Appendix; Filing and Service

**(a) Briefs**

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007.

(2) The appellee shall serve and file a brief within 14 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.

(3) The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 14 days after service of the reply brief of the appellant. No further briefs may be filed except with leave of the district court or the bankruptcy appellate panel.

**(b) Appendix to brief**

If the appeal is to a bankruptcy appellate panel, the appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:

(1) The complaint and answer or other equivalent pleadings;

(2) Any pretrial order;

(3) The judgment, order, or decree from which the appeal is taken;

(4) Any other orders relevant to the appeal;

(5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;

(6) Any motion and response on which the court rendered decision;

(7) The notice of appeal;

(8) The relevant entries in the bankruptcy docket; and

(9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.

An appellee may also serve and file an appendix which contains material required to be included by the appellant but omitted by appellant.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Mar. 26, 2009, eff. Dec. 1, 2009.)

### ADVISORY COMMITTEE NOTES

Subdivision (a) of this rule is adapted from Rules 28(a) and 31(a) F.R.App.P. The introductory clause of the rule recognizes the desirability of allowing local and individual variation in the filing of briefs. The numbered paragraphs prescribe shorter periods than the corresponding periods allowed by Rule 31(a) F.R.App.P.

Subdivision (b), which is similar to an interim rule for bankruptcy appellate panels promulgated by the Ninth Circuit, applies only when an appeal is to an appellate panel. The appellant must prepare an appendix to the brief which contains the documents relevant to the appeal. With the appendix available to each member of the appellate panel, it is unlikely that multiple copies of the record will be necessary. The last sentence of the subdivision enables the appellee to correct an omission of the appellant.

Rule 30 F.R.App.P., which governs the preparation of the appendix in appeals taken to the courts of appeals, specifies fewer documents which must be included in the appendix but permits the parties to include any other material.

#### 1987 Amendment

The amendment to Rule 8007(c) permits a rule of the bankruptcy appellate panel to provide that the record is to be retained rather than transmitted. The new paragraph (9) of subdivision (b) of this rule complements Rule 8007(c) by authorizing a rule of the panel to require inclusion of the transcript or a portion thereof in the appendix.

#### 2009 Amendments

The rule is amended to implement changes in connection with the amendment to Rule 9006(a) and the manner by which time is computed under the rules. The deadlines in the rule are amended to substitute a deadline that is a multiple of seven days. Throughout the rules, deadlines are amended in the following manner:

- 5-day periods become 7-day periods
- 10-day periods become 14-day periods
- 15-day periods become 14-day periods
- 20-day periods become 21-day periods
- 25-day periods become 28-day periods

## Rule 8010. Form of Briefs; Length

**(a) Form of briefs**

Unless the district court or the bankruptcy appellate panel by local rule otherwise provides, the form of brief shall be as follows:

MAY 1 7 2010